Maurice OPARAJI, Plaintiff–Appellant,

v.

**NEW YORK CITY DEPARTMENT OF EDUCATION, Wildcat Service Corp., Lawrence Becker, John V. Lindsay Wildcat Academy Charter School, Caryl Wolfe Cohen, Robert Hickson, Wildcat Second Opportunity School, Defendants–Appellees,**

**Robert Zweig, Defendant.**

No. 05–3423.

United States Court of Appeals, Second Circuit.

March 3, 2006.

Maurice Oparaji, Rosedale, N.Y., for Appellant.

Caroline F. Hayday, Clearly Gottlieb Steen & Hamilton LLP, New York, NY (representing Wildcat defendants); Dona B. Morris, Assistant Corporation Counsel, New York, NY (representing the New York City Department of Education, Lawrence Becker, Caryl Cohen, Robert Zweig and Robert Hickson), for Appellees.

PRESENT: Hon. AMALYA L. KEARSE, Hon. RALPH K. WINTER, and Hon. ROBERT D. SACK, Circuit Judges.

## SUMMARY ORDER

Plaintiff-appellant Maurice Oparaji, *pro se,* appeals from the judgment of the United States District Court for the Eastern District of New York (Nina Gershon, *J.*), dismissing his amended complaint in which he alleged, *inter alia,* discrimination and retaliation on the basis of his national origin. We assume that the parties and counsel are familiar with the facts and the procedural history of this case, and the scope of the issues presented on appeal.

This action was properly transferred from the Southern District of New York to the Eastern District of New York. Under 28 U.S.C. § 1404(a), "for the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." Oparaji could have brought this action in the Eastern District of New York; Oparaji lives in Rosedale, New York, in the Eastern District, and he does not assert that the change of venue was inconvenient to him or otherwise improper. Furthermore, most of the events at issue in this litigation took place in the Eastern District.

The district court properly dismissed Oparaji's claims against the individual defendants because, under Title VII, they are not subject to personal liability. *Wrighten v. Glowski,* 232 F.3d 119, 120 (2d Cir.2000). The court also properly

denied Oparaji's motion for leave to file supplemental pleadings because Oparaji sought to add claims relating to an event that took place several months before Oparaji had filed his amended complaint. Fed.R.Civ.P. 15(d). The district court also appropriately declined to treat his motion as one to file an amended complaint, given that he had already amended his complaint once in this action and could have included the proposed claims in that pleading, and that in any event, the proposed claims were repetitive of his complaints in other actions and would have been futile because he sought to add individual defendants to claims brought under Title VII.

■ Oparaji's unlawful termination claim regarding the Carter G. Woodson Elementary School is time-barred because the Equal Employment Opportunity Commission had issued Oparaji a right to sue letter in September 2000, and Oparaji did not bring this action until June 23, 2003, long after the statute of limitations, which is ninety days beginning with the date of the issuance of the letter, had run.

■ District courts have the power to dismiss duplicative suits because "plaintiffs have no right to maintain two actions on the same subject in the same court, against the same defendant at the same time." *Curtis v. Citibank, N.A.*, 226 F.3d 133, 138–39 (2d Cir.2000). We review such dismissals for an abuse of discretion. *Id.* at 138. Oparaji had previously filed suit against the New York City Board of Education in July 2002, in which he alleged essentially the same facts, and he filed a second amended complaint in October 2002, several months before he filed the current matter. *See Oparaji v. New York City Board of Education*, E.D.N.Y. Docket No. 02–cv–3900. Thus, Oparaji's claims against the New York City Board of Education were duplicative and therefore properly dismissed.

■ The district court also properly dismissed Oparaji's claims against the Wildcat defendants for failing to state a claim entitling him to relief. We review *de novo* the dismissal of a complaint for failure to state a claim, accepting as true all facts alleged in the complaint and drawing all inferences in favor of the plaintiff. *Todd v. Exxon Corp.*, 275 F.3d 191, 197 (2d Cir.2001). Oparaji alleged that: (1) he applied for a position with the Appellees; (2) he interviewed successfully for the position and received a conditional offer of employment, subject to reference; and (3) Wildcat improperly denied him the position. The district court rightly concluded that the allegations were insufficient to state a claim for a Title VII violation, defamation, false statement, abuse of process, intentional infliction of emotional distress, or civil conspiracy to deprive Oparaji of his rights.

We have considered Oparaji's other arguments and find them to be without merit. For the foregoing reasons, the judgment of the district court is hereby AFFIRMED.